UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANCISCO ROSARIO, | : | |
| Plaintiff, | : | |
| vs. | : | No. 3:11cv00314(MRK)(WIG) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | : | |
| | : | |
| Defendant. | | |

-------------------------------------------------------X

ORDER

On June 1, 2011, this Court entered a Scheduling Order requiring the Plaintiff to file a dispositive motion by July 27, 2011 [Doc. # 13]. Plaintiff failed to meet this deadline and an Order to Show Cause was issued [Doc. # 14]. Prior to the response deadline, Plaintiff filed a Motion for Judgment or Remand [Doc. # 15], to which Defendant responded with a Motion for Order Affirming the Decision of the Commissioner [Doc. # 16]. Plaintiff then filed a document entitled "Motion for Judgment on the Pleadings" [Doc. # 17]. Although styled a "Motion for Judgment," the body of the document clearly reflects that it was a response to the Defendant's Motion to Affirm.   Plaintiff did not move for anything or seek any type of relief.

Defendant now moves to strike this Motion for Judgment on the Pleadings [Doc. # 21] on the grounds that (1) neither the Court's Scheduling Order nor the Local Rules of Civil Procedure provide for the filing of a second motion for judgment; and (2) if it is considered a reply brief, it was not confined to a discussion of the matters raised by the responsive brief.  See D. Conn. L. Civ. R. 7(d).  Plaintiff has responded to the Motion to Strike with a Motion for Limited

Withdrawal of Plaintiff's Motion for Judgment on the Pleadings [Doc. # 19] and with what is captioned as a "Reply Brief" [Doc. # 22], which is, in actuality, a response to the Motion to Strike.

Defendant is correct that the Court's Scheduling Order made no provision for a second Motion for Judgment [Doc. # 17], but the document Plaintiff filed is clearly not a motion. Defendant is also correct that, if it is considered a reply brief, it should have been strictly confined to a discussion of the matters raised by Defendant's brief, as required by D. Conn. L. Civ. R. 7(d).  However, Defendant did not file a response to Plaintiff's original Motion for Judgment or to Remand.  Defendant filed a Motion to Affirm.  Plaintiff was entitled to respond to this motion, and such response is not governed by the Local Rule applicable to reply briefs. More importantly, however, Plaintiff has sought to withdraw a portion of that response, which request the Court will grant.

Accordingly, the Court DENIES Defendant's Motion to Strike [Doc. # 21].  The Court GRANTS Plaintiff's Motion to Withdraw [Doc. # 19].  Finally, because the second Motion for Judgment on the Pleadings was docketed as a motion, it must be acted upon in some fashion. The Court will simply TERMINATE the Motion [Doc. # 17] but will consider the substance of this responsive document to the extent not withdrawn by the Plaintiff.

SO ORDERED, this __1st__ day of December, 2011, at Bridgeport, Connecticut.


    /s/ *William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge